**E-FILED**
Friday, 24 June, 2016  09:42:39 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEDRON JONES JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-CV-3143 |
| | ) | |
| JOHN R. BALDWIN, IDOC | ) | |
| DIRECTOR, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

**JAMES E. SHADID, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Western Illinois Correctional Center.  He has paid the filing fee in full, but the Court still must review his complaint under 28 U.S.C. § 1915A since he is a prisoner suing a government officer.  Section 1915A requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1]  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's

---

[1] A prisoner  who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

pro se status into account.  <u>Turley v. Rednour</u>, 729 F.3d 645, 649

(7th Cir. 2013).  However, conclusory statements and labels are

insufficient.  Enough facts must be provided to "'state a claim for

relief that is plausible on its face.'"  <u>Alexander v. U.S.</u>, 721 F.3d

418, 422 (7th Cir. 2013)(quoted cite omitted).

## Allegations

Plaintiff alleges that the conditions at Western Illinois

Correctional Center amount to cruel and unusual punishment

because the toilets in the cells flush into the toilets in adjoining

cells instead of down the sewer pipe.  Plaintiff alleges that other

inmate's waste from the adjoining cell splashes up into Plaintiff's

toilet, which Plaintiff believes presents a serious health hazard.

Plaintiff alleges that he has boils on his skin which he believes were

caused by his exposure to other inmates' waste while sitting on his

own toilet.  Plaintiff alleges that the smell from the toilet makes him

sick and that he is not given sufficient cleaning supplies to try to

disinfect the area.

A prison maintenance worker has allegedly told Plaintiff that

the toilets are designed this way.  A grievance officer's response

states, "Maintenance Dept. states that there is nothing wrong with

the toilets, it is the way the plumbing was designed when the buildings were built." (Complaint, p. 34.) The Warden's response to Plaintiff's letter states that the Chief Engineer "personally conducted a test on your plumbing between your cells and determined that the plumbing for your living cell was functioning properly." (Complaint, p. 32.)

## Analysis

The Eighth Amendment prohibits deliberate indifference to inhumane conditions of confinement in prison. Inhumane conditions of confinement are "objectively serious deprivations," deprivations which deprive an inmate of the "minimal civilized measure of life's necessities" according to "evolving standards of decency." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). The deprivations must be "extreme." Hudson v. McMillian, 503 U.S. 1, 9 (1992)("extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is 'part of the penalty that criminal offenders pay for the offenses against society . . . .'")(*quoting* Rhodes, 452 U.S. at 347). Deliberate indifference is a state of mind akin to criminal recklessness— "'*actual* knowledge of *impending* harm *easily* preventable.'" Delaney

v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001)(quoting Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992)(other quoted cite omitted)(emphasis in Jackson).

The Court is having difficulty understanding what Plaintiff is describing or how the condition amounts to the kind of extreme deprivation actionable under the Eight Amendment.  If waste flushes only into nearby toilets, then eventually all the toilets would overflow and continue to overflow into the cells.  Plaintiff does not allege that his toilet is stopped up or overflowing or even that his own toilet does not flush. If the waste in Plaintiff's toilet disappears when Plaintiff flushes his own toilet, then Plaintiff can control the situation by flushing his toilet.

Plaintiff's allegations about contracting boils or a urinary tract infection from waste in the toilet are speculative.  Plaintiff would need to be sitting far down in the toilet to have his skin touch the toilet water.  The possibility of an inmate in an adjoining cell flushing right at the same moment Plaintiff is sitting on his toilet would, at most, be an isolated occurrence.  Further, the smell of waste in a toilet is not a serious enough deprivation to give rise to a constitutional claim.  *See, e.g.,* Barbosa v. McCann, 2011 WL

4062469 (N.D. Ill. 2011)(timer that allowed flushing only once every fifteen minutes did not violate Constitution)("However unpleasant it may be to be confined in a small space with a full toilet for several minutes, Plaintiff has not satisfied the court that the flush timer is actionable.")

The Court is also having difficulty discerning a plausible inference of deliberate indifference.  If Defendants looked into the matter and could not objectively confirm Plaintiff's description, as it appears from Plaintiff's allegations and his attachments, that would not be deliberate indifference.  No plausible inference arises from these allegations that Defendants actually know of an "impending harm easily preventable."

At this point the Court cannot discern a constitutional action based on the present allegations, but Plaintiff will be given an opportunity to amend his complaint.

**IT IS THEREFORE ORDERED:**

(1)  Plaintiff's motion for the Court to try to find pro bono counsel to represent him is denied (5), with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find

counsel on his own.  <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007).  This typically requires writing to several lawyers and attaching the responses.  Plaintiff asserts that he has written law firms, but he does not say when or attach any responses.  If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

(2)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court dismisses Plaintiff's complaint, without prejudice, for failure to state a claim.

(3)  Plaintiff may file an amended complaint by July 18, 2016.

(4)  If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g).  If Plaintiff files an amended complaint, the amended complaint will replace the original complaint.  Piecemeal amendments are not permitted.

ENTERED:  06/24/2016

FOR THE COURT:

**s/James E. Shadid**
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE