UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEDRON JONES JR., | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-3143 |
| JOHN R. BALDWIN, IDOC DIRECTOR, et al., | ) |
| Defendants. | ) |

## OPINION

**JAMES E. SHADID, U.S. District Judge.**

Plaintiff, proceeding pro se, alleges that he was repeatedly exposed to the raw sewage of other inmates during his incarceration in the Western Illinois Correctional Center from June 10, 2015 to May 17, 2017. This allegedly occurred whenever an inmate in the adjoining cell would flush the toilet, causing the contents to travel to the adjoining cell ("cross flushing").

Discovery has closed, except for the resolution of Plaintiff's motion to compel. Also before the Court is Defendants' motion for summary judgment.

After reviewing the record, the Court concludes that more information is necessary to determine whether a disputed material fact exists for trial. Plaintiff's motion to compel seeks some relevant information that should be produced before this case is ready for dispositive motions.

**Plaintiff's Motion to Compel Responses to Plaintiff's First Request for Production of Documents (34)**

**1. Plaintiff's Document Request 1:** "All inmate grievances dealing with conditions, sanitation, plumbing, toilets backing up, cross flushing, from 2007 to 2017. To include counselors' responses, grievance officers' responses, the administrative review board (ARB) responses and copies of any and all letters written to Western Illinois Correctional Center's Administration, the administration of IDOC at Springfield, the director's office from inmate/offenders, to include the administration's responses thereto, in regards to the above listed documents."[1]

Defendants object as "compound, overly broad, and unduly burdensome." (d/e 36-1, p. 1.) Defendants also maintain that they "would need to examine every grievance ever filed by every inmate in the IDOC" in order to respond. Id.

Whether other inmates complained about the cross-flushing problem is relevant to the extent of the problem and Defendants'

---

[1] Grammar and spelling errors have been corrected in reproducing Plaintiff's document requests.

knowledge of the problem. Defendants admit that sometimes cross-flushing does occur because of poor plumbing design, but Defendants maintain that Plaintiff's description of the frequency and extent of the problem is exaggerated. Evidence of complaints by other inmates is arguably relevant to rebut that argument and show that the problem is as bad as Plaintiff claims.

Defendants do not explain why they have to review every inmate grievance ever filed to find inmate grievances about cross-flushing at Western. Defendants should be able to determine the inmates who lived on Plaintiff's housing unit while Plaintiff lived on that unit, and then review those inmates' master files for grievances about the cross-flushing. In any event, Defendants bear the burden of demonstrating that doing this would be too burdensome, and they have not done so.

**Plaintiff's Document Request 1 is granted as follows: Defendants are directed to produce to Plaintiff grievances about cross-flushing filed by inmates who lived on Plaintiff's**

**housing unit(s) from June 10, 2014[2] to May 17, 2017, along with all the responses to those grievances.**

    **2. Plaintiff's Document Request 2:** "All maintenance logs or copies thereof to include work orders, service notes, sanitation reports, results of any IDOC maintenance inspection reports, results of any and all city or state building code and/or building inspections."

Defendants make the same objections as to request 1 and also assert that IDOC policies or directives are irrelevant. Defendants further represent that no such documents exist.

At least three work orders do exist because, according to Defendants' summary judgment motion, the Chief Engineer responded to three work orders for cells occupied by Plaintiff. (Robinson Aff. ¶ 5, d/e 44-2.) Defendants do not say what kind of inquiry they made to determine whether other work orders, inspections, or reports on the cross-flushing problem exist. Like other inmate grievances, this evidence is arguably relevant to show Defendants' knowledge of the problem and the extent of the problem.

---

[2] Plaintiff arrived at Western Illinois Correctional Center on June 10, 2015. Reaching back one year before Plaintiff's arrival at Western should capture evidence of an ongoing problem and is appropriately limited to avoid undue burden.

**Plaintiff's Document Request 2 is granted as follows: Defendants are directed to produce all work orders, reports, inspections, and maintenance logs regarding the cross-flushing problem at Western Illinois Correctional Center from June 10, 2014 to May 17, 2017 in the housing unit(s) where Plaintiff resided at Western Illinois Correctional Center. If no such documents exist, Defendants are directed to produce the affidavit of someone with personal knowledge to explain how those records are kept and catalogued, and what search efforts were conducted to determine no such documents exist.**

**Plaintiff's Document Request 3:** "Copies of and results of any and all inspections of the plumbing systems of each unit at Western Illinois Correctional Center, copies of any and all building code violations, plumbing code violations and reports thereof, copies of all notes, letters, reports, e-mails pertaining to plumbing problems to or from maintenance engineer' s office, Western Illinois Correctional Center administrators, IDOC Directors, any and all maintenance departments of IDOC facilities, or the State of Illinois to include the Health Dept., building inspectors office, water dept., from 2007 through 2017."

The Court's granting of Plaintiff's request 2 already orders the production of some of this information. Code violations and communications regarding the cross-flushing problem may also be

relevant to show the extent of the problem and Defendants' knowledge of the problem. Defendants' stock objections do not address the possible relevance of this information or explain why responding to the request would be burdensome.

**Plaintiff's Document Request 3 is granted as follows: Defendants are directed to produce all notices of code violations regarding or relating to the cross flushing problem at Western Illinois Correctional Center from June 10, 2014 to May 17, 2017. Defendants are directed to produce all communications regarding or relating to the cross flushing problem at Western Illinois Correctional Center from June 10, 2014 to May 17, 2017. If no such documents exist, Defendants are directed to produce the affidavit of someone with personal knowledge to explain how those records are kept and catalogued, and what search efforts were conducted to determine no such documents exist.**

**Plaintiff's Document Request 4:** "Any and all documents from Western Illinois Correctional Center dealing with sanitation problems, conditions, plumbing problems, toilet problems and repairs to and from any entity of the State of Illinois, the Federal

Government, or the John Howard Association from 2000 through 2017."

The Court's granting of Plaintiff's requests 2 and 3 already cover documents that may have provided notice to Defendants of cross-flushing problems. Plaintiff may contact the John Howard Association to obtain reports from the John Howard Association.

**Plaintiff's Request 4 is denied.**

**Plaintiff's Request 5:** "A list of all civil cases filed and litigated in both State and Federal Court dealing with conditions, sanitation, plumbing, toilets, in any combination thereof [ sic] from 2000 through 2017."

This request is overly broad, seeks irrelevant information, and essentially asks Defendants to research prison plumbing nationwide. Other civil lawsuits involving the plumbing in other prisons would not be relevant to Plaintiff's claim about cross-flushing in the Western Illinois Correctional Center. Even other cases about cross-flushing in the Western Illinois Correctional Center would not have much additional relevance beyond the grievances and other information already being compelled.

**Plaintiff's Request 5 is denied.**

**Plaintiff's request 6:** "A list of the names of all maintenance staff to include engineers, plumbers or to include civilian and offender/ inmate employees, with their contact information for deposition or subpoena by the Court's permission, from 2007 through 2017."

Defendants have already divulged the name of the Chief Engineer who investigated Plaintiff's complaints and who has personal knowledge of how the plumbing is designed. The rest of Plaintiff's request is overbroad because the request covers anyone working in maintenance in any capacity at Western for the past ten years. **Plaintiff's request 6 is denied.**

**Plaintiff's request 7**: "Any and all reports, requests, proposals and or bids to repair the plumbing systems or toilets at Western Illinois Correctional Ctr., from 2000 through 2017."

Defendants object as too broad, too burdensome, and irrelevant. However, Plaintiff says that he was told that fixing the cross-flush problem would be too expensive. Evidence of the cost to fix the problem is relevant to the deliberate indifference inquiry. If the fix is relatively inexpensive, that could weigh in Plaintiff's favor, and if the fix is prohibitively expensive, that could weigh in Defendants' favor. Defendants assert that no such documents

exist, but they do not state what efforts were made to determine this.

**Plaintiff's request 7 is granted as follows: Defendants shall produce all proposals, requests, or bids to correct the cross-flushing problem at the Western Illinois Correctional Center. If no such documents exist, Defendants are directed to produce the affidavit of someone with personal knowledge to explain how those records are kept and catalogued, and what search efforts were conducted to determine that no such documents exist.**

## Defendants' Summary Judgment Motion (d/e 43)

The information compelled above is relevant to determining the extent of the problem, Defendants' knowledge of the problem, and Defendants' ability to fix the problem. The information is therefore arguably relevant to determining whether summary judgment should be granted, and Plaintiff should have an opportunity to include this information in opposing summary judgment. Further, Defendants do not attach any of their own affidavits to their motion for summary judgment, which makes

granting summary judgment in their favor inappropriate. Defendants' summary judgment motion will be denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's motion to compel is granted in part and denied in part as set forth above. (d/e 34.)

2) Defendants are directed to produce the information compelled above to Plaintiff by January 31, 2017.

3) Defendants' motion for summary judgment is denied (d/e 43).

4) Defendants may renew their summary judgment motion by February 16, 2018.

5) Plaintiff's motion for status is denied as moot. (d/e 54.)

ENTERED: 11/21/2017

FOR THE COURT:

                      **s/James E. Shadid**
                        JAMES E. SHADID
                 UNITED STATES DISTRICT JUDGE